EXHIBIT 1 – SB 319 TEXT

CHAPTER 81

SB 319-FN – FINAL VERSION

15May2014... 1720h

2014 SESSION

14-2812

01/10

SENATE BILL *319-FN*

AN ACT relative to access to reproductive health care facilities.

SPONSORS: Sen. Soucy, Dist 18; Sen. D'Allesandro, Dist 20; Sen. Odell, Dist 8; Sen. Stiles, Dist 24; Sen. Bradley, Dist 3; Rep. Long, Hills 42; Rep. Heath, Hills 14; Rep. Bouchard, Merr 18

COMMITTEE: Judiciary

ANALYSIS

This bill provides certain parameters for access to reproductive health care facilities. The bill establishes a civil fine and authorizes the attorney general or county attorney to seek injunctive relief in certain circumstances.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Explanation: Matter added to current law appears in *bold italics.*

Matter removed from current law appears [in brackets and struckthrough.]

Matter which is either (a) all new or (b) repealed and reenacted appears in regular type.

15May2014... 1720h

14-2812

01/10

STATE OF NEW HAMPSHIRE

*In the Year of Our Lord Two Thousand Fourteen*

AN ACT relative to access to reproductive health care facilities.

*Be it Enacted by the Senate and House of Representatives in General Court convened:*

81:1 Statement of Findings and Purposes.

I. The New Hampshire general court hereby finds as follows:

(a) Access to reproductive health care facilities is important for residents and visitors to the state of New Hampshire and is a right that must be protected.

(b) The exercise of a person's right to protest or counsel against certain medical procedures is a First Amendment

activity that must be protected.

(c) Public sidewalks adjacent to reproductive health care facilities in New Hampshire communities are often narrow, measuring between 6 and 8 feet wide. These sidewalks abut city streets.

(d) Under federal law 18 U.S.C. section 248 (2010) it is unlawful for any person to obstruct or interfere with another person's access to reproductive health care services.

(e) Recent demonstrations outside of reproductive health care facilities have resulted in the fear and intimidation of patients and employees of these facilities.

(f) Recent demonstrations outside of reproductive health care facilities have caused patients and employees of these facilities to believe that their safety and right to privacy are threatened.

(g) Recent demonstrations outside of reproductive health care facilities have resulted in the fear and intimidation of residents and patrons seeking to enter or leave their homes or other private businesses adjacent to the reproductive health care facilities.

II. The general court further finds that it is in the interest of public health, safety and welfare to regulate the use of public sidewalks and streets adjacent to reproductive health care facilities to promote the free flow of traffic on streets and sidewalks, reduce disputes and potentially violent confrontations requiring significant law enforcement services, protect property rights, protect First Amendment freedoms of speech and expression and secure a citizen's right to seek reproductive health care services.

III. The general court finds that establishing a limited buffer zone outside of some reproductive health care facilities located in the state of New Hampshire is necessary to ensure that patients and employees of reproductive health care facilities have unimpeded access to reproductive health care services while accommodating the First Amendment rights of people to communicate their message to their intended audience without undue burdens or restrictions.

IV. The general court hereby seeks to provide unobstructed access to reproductive health care facilities by setting clear guidelines for activity in the immediate vicinity of the reproductive health care facilities.

V. Therefore the general court hereby establishes the access to reproductive health care facilities law to recognize and seek to balance both the fundamental right to assemble peacefully and to demonstrate on matters of public concern, with the right to seek and obtain reproductive health care services in a safe and private manner. This law is intended to promote the full exercise of these rights and to strike an appropriate accommodation between them.

81:2 New Subdivision; Access to Reproductive Health Care Facilities. Amend RSA 132 by inserting after section 36 the following new subdivision:

Access to Reproductive Health Care Facilities

132:37 Definitions. In this subdivision:

I. "Reproductive health care facility" means a place, other than within or upon the grounds of a hospital, where abortions are offered or performed.

II. "Patient escort services" means the act of physically escorting patients through the buffer zone to the reproductive health care facility and does not include counseling or protesting of any sort during such escort service.

132:38 Prohibited Acts.

I. No person shall knowingly enter or remain on a public way or sidewalk adjacent to a reproductive health care facility within a radius up to 25 feet of any portion of an entrance, exit, or driveway of a reproductive health care facility. This section shall not apply to the following:

(a) Persons entering or leaving such facility.

(b) Employees or agents of such facility acting within the scope of their employment for the purpose of providing patient escort services only.

(c) Law enforcement, ambulance, firefighting, construction, utilities, public works and other municipal agents acting within the scope of their employment.

(d) Persons using the public sidewalk or street right-of-way adjacent to such facility solely for the purpose of reaching a destination other than such facility.

II. Reproductive health care facilities shall clearly demarcate the zone authorized in paragraph I and post such zone with signage containing the following language:

*Reproductive Health Center*

*Patient Safety Zone*

*No Congregating, Patrolling, Picketing, or Demonstrating Between Signs*

*Pursuant to RSA 132:38*

III. Prior to posting the signage authorized under paragraph II, a reproductive health care facility shall consult with local law enforcement and those local authorities with responsibilities specific to the approval of locations and size of the signs to ensure compliance with local ordinances.

IV. The provisions of this section shall only be effective during the facility's business hours.

132:39 Enforcement; Civil Fine.

I. Prior to issuing a citation for a violation of this section, a police officer or any law enforcement officer shall issue one written warning to an individual. If the individual fails to comply after one warning, such individual shall be given a citation. Failure to comply after one warning shall be cause for citation whether or not the failure or subsequent failures are contemporaneous in time with the initial warning.

II. Any person who violates this subdivision shall be guilty of a violation and shall be charged a minimum fine of $100. In addition, the attorney general or the appropriate county attorney may bring an action for injunctive relief to prevent further violations of this subdivision.

III. This section shall not apply unless the signage authorized in RSA 132:38, II was in place at the time of the alleged violation.

132:40 Severability. If any provision of this subdivision or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the subdivision which can be given effect without the invalid provision or application, and to this end the provisions of this subdivision are declared to be severable.

81:3 Effective Date. This act shall take effect 30 days after its passage.

Approved: June 10, 2014

Effective Date: July 10, 2014